Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIKA BURNS, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| | 1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET. SEQ. |
| v. | |
| STOP GO NETWORKS LIMITED, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

TONIKA BURNS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against STOP GO NETWORKS LIMITED ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Orange, California 92868.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a domestic corporation with its principal place of business located at 515 East Las Olas Boulevard, Suite 120, Fort Lauderdale, Florida 33301.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Defendant texted Plaintiff on her cellular telephone on a repetitive and continuous basis for the purpose of sending Plaintiff advertisements and/or promotional offers.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system.

14. Defendant's text messages were not made for "emergency purposes."

15. Desiring to stop these repeated, unwanted text messages, Plaintiff responded "STOP" to Defendant soon after the texts began and revoked any previous consent that Defendant had to contact her.

16. Once Defendant was aware that its text messages were unwanted and was told to stop sending them, there was no lawful purpose to sending text messages, nor was there any good faith reason to send text messages.

17. In spite of her repeated instruction to stop texting her cellular

telephone, Defendant instead continued to send text messages to her repeatedly.

18. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant sent multiple automated text messages to Plaintiff's cellular telephone.

21. Defendant sent these text messages to Plaintiff using an automatic telephone dialing system.

22. Defendant's texts to Plaintiff were not made for emergency purposes.

23. Defendant's texts to Plaintiff were made after Plaintiff had explicitly revoked any consent that was previously given.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, TONIKA BURNS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TONIKA BURNS, demands a jury

PLAINTIFF'S COMPLAINT

trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: 4/27/2020 | By: /s/ Amy Lynn Bennecoff Ginsburg<br>Amy Lynn Bennecoff Ginsburg, Esq.<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, PA 19002<br>Telephone: (215) 540-8888<br>Facsimile (215) 540-8817<br>Email: aginsburg@creditlaw.com |